J. F. HACKFELD *et al.*, Assignees of Kun Sai & Aming, Bankrupts, *vs.* ING CHOI *et al.*

APPEAL FROM THE DECISION OF THE CHANCELLOR.

JANUARY TERM, 1884.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

Kun Sai, of the firm of Kun Sai & Aming, prior to the bankruptcy of the firm, transferred his interest in certain property, not a partnership asset, to Ing Choi, the bookkeeper of the firm; such transfer held void, as being in fraud of creditors.

Ing Choi claimed that he paid certain private debts of Kun Sai, as part of the consideration for said transfer: Held that he could receive this amount, by subrogation, out of assets realized by the assignees in bankruptcy from the private estate of Kun Sai, before payment of partnership debts.

Decision of the Chancellor affirmed.

OPINION OF THE COURT, BY AUSTIN, J.

This case is here on an appeal from a decree entered on the decision of the Chancellor in equity, setting aside a deed of a moiety of a rice plantation and outfits, situated at Punaluu, Koolauloa, Oahu, executed by the bankrupt Kun Sai to the defendant Ing Choi, for a consideration of $2,000, and a mortgage for $900, executed by said Ing Choi to the other defendants, upon the ground that they were fraudulent as to the creditors of the said bankrupts.

On reading the evidence taken in the Court below, and the opinion of the Chancellor thereon, we see no reason to disturb his finding on the facts, and we adopt his opinion.

The decree directs that the deed and mortgage be cancelled, and that the property be sold by the assignees, and that the proceeds be applied, first, as the property was the private property of Kun Sai, to the payment of his private debts, and after to the payment of the firm debts of the bankrupt.

This decree is in exact accordance with the provisions of Sec. 992 of the Bankrupt Act. As the deed and mortgage are de-

clared fraudulent, it is as though they had never been made, and the property they referred to is to be sold as decreed.

The attorney for the defendant Ing Choi claims that the proof shows a payment, as part of the consideration of the $2,000, by him by direction of Kun Sai, of Kun Sai's private debts, to the amount of $1,664 80, and claims that this sum ought to be treated as properly paid, and that the balance only above that sum should be applied to the payment of the firm debts. As the deed and mortgage were both held fraudulent and void, we cannot here and now recognize any payments which may have grown out of their execution.

The only decree which could properly be made in the case is the one entered. When the funds arising from the sale of this property shall be realized by the assignees, we think Ing Choi may be entitled to receive by subrogation, first, out of those funds, if sufficient therefor, the sum of all honest private debts of Kun Sai which may have been paid or settled for by him.

Honolulu, January 30, 1884.

DECISION OF THE CHANCELLOR, APPEALED FROM.

The bill as amended avers that on the 1st September, 1882, Kun Sai & Aming were adjudged bankrupt, and the plaintiffs elected as assignees on the 16th of October; that on the 23d March, 1882, Kun Sai, by a deed of that date, sold and assigned to Ing Choi, for the consideration of $2,000, all his interest, being a moiety, in a rice plantation and outfits at Punaluu, Koolauloa, Oahu, known as the Ahuna Rice Plantation; that the firm of Kun Sai & Aming had committed many acts of bankruptcy prior to the sale above mentioned; that Ing Choi was the firm's book-keeper, and was well aware of this, and that the deed was made with the intention of defrauding the creditors of the firm, and that the consideration in the deed was never paid; that on the 25th day of March, 1882, Ing Choi executed a mortgage on the above-described property for $900 to the Kaalaea Rice Mill Company, and that the said company were aware of the acts of bankruptcy of Kun Sai and of Kun Sai & Aming, and that the deed to Ing Choi was made for the purpose of depriving their creditors of the property, etc. The bill prays that the deed and mortgage be delivered up for cancellation.

17

I find the facts to be as follows : The firm of Kun Sai & Aming were insolvent on the 23d March, 1882, and had been so for some time.   They had committed many acts of bankruptcy in suffering promissory notes and quarterly accounts to the amount of thousands of dollars to remain unpaid for ten days and more after the same were due.   That many of these notes were renewed or their times of payment orally extended, and that no one brought suit on them, does not deprive these acts of their character of acts of bankruptcy.   It may be that no creditor wished to take the initiative.   But the notes in favor of H. Hackfeld & Co. of over $900 are dated in August and October, 1881, and were all due before the 23d March, 1882, and were demanded when due and were not paid, and not renewed or extended.

So also there are in evidence notes of this firm to Sing Chong & Co., made in August and September, 1881, and due before the close of the year, for over $600.   In fact, of the whole account of Sing Chong & Co., amounting to $5,274 94, it all appears to have been due before March, 1882, but the sum of about $1,000.   Tuck Ong, of the firm of Sing Chong & Co., says that the amount of some $3,400 had been owing them by Kun Sai & Aming for about three years, and they had incurred this liability to them by reason of Sing Chong & Co.'s indorsing their notes to H. Hackfeld & Co.

Kun Sai had personally committed acts of bankruptcy in not paying his note to Wong Kwai, but whether he individually owes a sufficient sum ($2,000) to have been made a bankrupt does not appear.

Ing Choi was the firm's bookkeeper.   Aming was mainly on Kauai.   When Kun Sai could not be found, Ing Choi would negotiate with the creditors for an extension of the firm's notes. The firm's books are not shown to have been made up since 1st September, 1881, when their assets were $12,494 13, their liabilities $12,178 18, with the small margin to the good of $315 68. Ing Choi entered the bills payable, and must have been thoroughly conversant with the condition of the firm, and took the deed with full knowledge that Kun Sai was insolvent.   Kun Sai himself says he had to borrow money to pay his passage here

from China, and borrowed $200 from Wong Kwai to repay it, and this amount was assumed by Ing Choi in his settlement of the purchase money for the rice plantation. In fact, the expedients resorted to in the settlement of this consideration of $2,000 are very significant. To discharge $900 of it, Kun Sai directs Ing Choi to pay one Akuna, whom Kun Sai owed; but Akuna owed Phillips & Co., but could not pay; so Sing Chong & Co. authorize Phillips & Co. to charge them with this amount, and take a mortgage therefor to themselves and other partners in the Kaalaea Rice Mill Company, on the interest in the rice plantation bought by Ing Choi, and take a further agreement from Ing Choi and Akuna (the owner of the other half) for a sale and delivery to them of three successive crops of rice at market rates.

It seems to me that the letter of Phillips & Co.'s attorney to Akuna, urging for payment of his mortgage of $1,200 in their favor, was the pressure which forced this sale. It is evident to my mind that Kun Sai and Ing Choi arranged all the terms of this settlement with Sing Chong & Co., as well as with Akuna and Phillips & Co., before the sale of the plantation, March 23d, and that all these papers, the deed, mortgage and agreement, should be considered as forming one transaction. (See *Johnson vs. Tisdale*, 4 Hawn. 605).

I am of the opinion that Tuck Ong was well aware of the bankrupt and insolvent condition of Kun Sai and of Kun Sai & Aming when he took the mortgage, notwithstanding his disclaimer.

Over $15,000 of claims have been presented against the bankrupt firm. But as this plantation interest was not partnership property, but the private estate of Kun Sai, I shall hold the bill until the assignees report, showing assets and liabilities of the firm; and if the latter exceed the former, I shall order the deed and mortgage to be cancelled, and direct the assignees to sell Kun Sai's interest in the plantation, and apply the proceeds, first, toward paying private debts, if any are proved, and then toward the firm's debts.

*R. F. Bickerton*, for plaintiffs.

*W. R. Castle*, for Ing Choi.

*Cecil Brown*, for Kaalaea Rice Mill Co.